## S96A0044. KAPLAN v. KAPLAN et al.
(469 SE2d 198)

BENHAM, Chief Justice.

Appellees, named executors of their father's will, filed his will for probate. Appellant, who married the decedent in 1978, filed a caveat on the ground of mistake of fact under OCGA § 53-2-8. The probate court granted the executors' motion to dismiss for failure to state a claim.

OCGA § 53-2-8[1] provides a method for avoiding the consequences of a testator's mistaken factual beliefs concerning the existence or conduct of an heir at law. Ms. Kaplan asserts that the mistake of fact in the present case was one concerning her conduct. She contends the testator was mistaken about her conduct in signing an ante-nuptial agreement. However, it was not the fact of her signing as to which she contends the testator was mistaken. She argues that the testator's mistake of fact was his belief that she signed an enforceable agreement.

The fundamental flaw in appellant's position is that her caveat does not allege a mistake of fact, but a mistake of judgment. Her conduct was signing the contract. The testator was not mistaken about

[9] See *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443 (113 SC 2711, 2724, 125 LE2d 366) (1993) (notice component of Due Process Clause is satisfied if prior law fairly indicated that a punitive damages award might be imposed).
[1] A will executed under a mistake of fact as to the existence or conduct of an heir at law of the testator is inoperative, insofar as the heir at law is concerned, and the testator shall be deemed to have died intestate as to him. OCGA § 53-2-8.

that. Whether the testator believed the contract was valid, however, was a matter of the testator's judgment, not a matter of fact. " 'There is a difference between a "mistake" arising from mere ignorance and one which results from an error of judgment after investigation. . . . It is to such a mistake as that first indicated that [OCGA § 53-2-8] applies.' [Cits.]" *Thornton v. Hulme*, 218 Ga. 480 (3) (128 SE2d 744) (1962). The allegations of the caveat in the present case depict a mistake of the second type referred to in *Thornton*, a mistake which does not activate the remedial provisions of the statute.

" ' "[A] pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [Cit.]' " *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 150 (281 SE2d 586) (1981). In the present case, there is no set of facts that could establish that the testator's alleged mistake concerning the validity of the ante-nuptial agreement was a mistake of fact. The trial court was correct in dismissing Ms. Kaplan's caveat for failure to state a claim.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996.

*Sell & Melton, Edward S. Sell III, Mitchell P. House, Jr.*, for appellant.

*Arnall, Golden & Gregory, Robert L. Rothman, Bertrum L. Levy, Walter H. Bush*, for appellees.