## S96A1028. SHORE v. MALLOY.
### (472 SE2d 303)

BENHAM, Chief Justice.

When Era Marie Allen Shore passed away in April 1993, she left a last will and testament which named as executrix her daughter, appellee Era Marie Shore Malloy. Appellee offered the will for probate and her brother, appellant Roy Allen Shore, Jr., filed a caveat in which he asserted the proffered will was invalid due to the testatrix's lack of testamentary capacity; the undue influence of appellee/propounder over the testatrix in the making of the will; and a mistake of fact under which the testatrix operated in making her will. A five-day jury trial was held in the Probate Court of Cobb County on the issues. At the close of the evidence, the trial court directed a verdict in favor of the propounder on the caveator's claim of mistake of fact, and refused to give the caveator's jury instruction on mistake of fact. The remaining issues of testamentary capacity and undue influence were submitted to the jury, which returned a verdict in favor of the propounder. The trial court entered judgment on the verdict, and the caveator filed this appeal in which he asserts error in the trial court's

direction of a verdict in favor of the propounder on the mistake of fact claim, and the trial court's failure to give the requested charge on mistake of fact.

1. The mistake of fact under which the testatrix purportedly labored was her belief that she owned certain real property and personalty which she devised to appellant. Whether appellant or the testatrix owned the property at issue was a contested factual dispute at trial.

> A mistake in the inducement is an error as to facts outside the instrument itself. Common examples are the testator's misconceptions as to the nature, condition[, and] extent of his property . . . . [T]he courts . . . do not generally invalidate a will, or its provisions, because of [a] mistake in the inducement. Almost every testator is mistaken about some of the collateral facts which enter into the making of his will. It would be intolerable to allow every such error to avoid the provisions of [a] will.

Atkinson, Law of Wills (2d ed.), p. 278, § 59. In Georgia, OCGA § 53-2-8 provides an exception to the general rule that a mistake of fact does not invalidate a will or its provisions. It states that a will "executed under mistake of fact as to the existence or conduct of an heir at law of the testator is inoperative, insofar as the heir at law is concerned. . . ." Even assuming that the property at issue actually belonged to appellant, that does not show the will was executed under a mistake of fact as to the existence or conduct of an heir. See *Watkins v. Jones*, 184 Ga. 831 (2) (193 SE 889) (1937), where the court held that a testator's bequest to his daughter of a note in his possession executed by her, which note previously had been satisfied by payment in full, was not a mistake of fact as contemplated by the statute so as to justify a finding that the will was inoperative as to the heir. "[A]n error of judgment . . . from negligent or wilful failure to make a proper investigation by means of which the truth could be readily and surely ascertained" is not a mistake to which OCGA § 53-2-8 applies. *Thornton v. Hulme*, 218 Ga. 480 (3) (128 SE2d 744) (1962).[1] See also *Kaplan v. Kaplan*, 266 Ga. 612 (469 SE2d 198) (1996), where this Court held that a caveat asserting a mistake of

---

[1] This Court's quotation of Page On Wills in *Davis v. Aultman*, 199 Ga. 129, 139 (33 SE2d 317) (1945) is not a holding that a mistake of fact concerning the identity of property of which the will disposes invalidates the will. *Davis* addressed a caveat concerning a mistake of fact covered by the predecessor to OCGA § 53-2-8 — that a will was executed by the testator while under a mistake of fact concerning the conduct of an heir at law, his daughter. Thus, the portion of the Page quotation referring to mistake of fact concerning the identity of property is dicta.

fact other than one concerning the existence or conduct of an heir at law authorized the trial court to dismiss the caveat for failure to state a claim.

2. Since the trial court was correct in its determination that the propounder was entitled to a directed verdict on the issue of mistake of fact, it follows that the trial court did not err when it refused to give appellant's requested charge on the subject.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 1996.

*Dupree, Johnson & Poole, Hylton B. Dupree, Jr., A. Gregory Poole,* for appellant.

*Robert J. Hunter, Beverly G. O'Hearn,* for appellee.