### 25026. WHALEY v. DISBROW.

FRANKUM, Justice. Mary Whaley Disbrow brought her petition for habeas corpus against Robert E. Whaley, her former husband, to recover possession of the two minor children of the petitioner and the defendant. The petitioner alleged, insofar as pertinent, that the defendant obtained possession of the children by virtue of an order of the Superior Court of DeKalb County and that, since the rendition of such order, the conditions and circumstances of the petitioner have changed to such an extent that she is a proper person to have custody and control of the children, and that it is in the best interest of the children to be in her custody. By amendment to her petition, the plaintiff alleged that one of the children, "David Whaley, 14 years of age, elects to live with his mother." The court awarded custody of both the children to the plaintiff. The appeal is from that judgment.

1. By his first enumeration of error, the appellant complains that the court erred in overruling his motion to dismiss the complaint. While the allegations of the complaint are skimpily set forth, we cannot say that, under the loose pleadings allowed by the Civil Practice Act, the court erred in overruling the motion.

2. By his second enumeration of error, appellant contends that the court erred in allowing the amendment to the original petition. The court, insofar as is shown by the record, did not allow or disallow the amendment. The plaintiff had the right

to file the amendment without leave of the court. *Code Ann.* § 81A-115 (a). There is no merit in this enumeration of error.

3. The fourth and fifth enumerations of error present essentially the same complaint and that is that the court erred in awarding Carol Whaley, one of the children of the parties, to the plaintiff. The court found that on February 6, 1968, the Superior Court of DeKalb County in a habeas corpus case regarding the custody of the two children in question, one of them, David Whaley, 14 years of age, elected to live with his mother, but that the court in that case found Mary Whaley Disbrow, then Mary Whaley, to be an unfit person and awarded the children to their father; that in October, 1968, the mother filed her petition for habeas corpus to regain custody of said children because the minor child over 14 years old elected to live with her and because the conditions causing the court to find her an unfit person had been corrected and changed and that it was in the best interest of the two named children to be remanded to her custody; that the two children of the parties had lived with each other and in "each other's presence throughout their life and that for a period except for approximately three weeks [their] mother had always had custody and control of" them; that David Whaley in open court elected to live with his mother; that the evidence established the fitness of the mother and there was no evidence of any acts or conditions rendering her unfit, and further found that to separate the two children would not be to the best interest of, or in accordance with the welfare and happiness of Carol Whaley, and awarded custody of the children to their mother, the plaintiff.

In a contest between the father and mother as to the custody of their minor children, where it appears that both parties are fit and proper persons to have their custody, each child who has reached the age of fourteen years has the right to select the parent with whom such child desires to live. *Code Ann.* § 74-107. In all of such cases with respect to a child or children under fourteen years of age, the trial court has a wide discretion in awarding custody of the child or children involved, and in exercising such discretion it is the duty of the court to look to and determine solely what is for the best interest of the child or children. *Code Ann.* § 74-107;

*Woodland v. Woodland,* 153 Ga. 202 (2) (111 SE 673); *Lucas v. Smith,* 201 Ga. 834, 837 (41 SE2d 527). Under all the facts and circumstances of this case, as disclosed by the evidence, we cannot say that the trial court erred in awarding Carol Whaley, who was less than fourteen years of age, to her mother.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1969—DECIDED FEBRUARY 20, 1969.

*Richardson, Chenggis & Constantinides, R. Bruce Richardson,* for appellant.

*Rich, Bass, Kidd & Broome, Casper Rich,* for appellee.

*Judgment affirmed. All the Justices concur.*