42710. WILLIS et al. v. DEPARTMENT OF REVENUE et al.
(340 SE2d 591)

SMITH, Justice.

Appellant Jamie Willis and a number of other parties appeal the dismissal of their action in the Fulton County Superior Court for an injunction to prevent the Department of Revenue from performing certain allegedly ultra vires acts, for a writ of mandamus to compel certain state and DeKalb County officials to perform their duties in a lawful manner, and to have the rights of the parties declared relative to the controversy in question. We affirm in part and reverse in part.

The DeKalb County Police, while arresting appellant Rolland Callahan on a charge unrelated to this action, found Mr. Callahan in possession of cocaine, illegal weapons, and $640,000 in cash. The State Department of Revenue subsequently became aware of the cash. The appellants, who are related by blood, marriage, or business to Callahan, allege that a group of agents from the Department of Revenue began auditing them for the purpose of gathering information on Callahan. They allege that these agents have continued to pass along information that they have gathered during these audits to the DeKalb County Police. They allege, in effect, that the Department of Revenue has been and is now conducting a criminal investigation of Callahan for DeKalb County through the use of unlawful audits of people related to Callahan.

At trial, the appellants sought to enjoin the alleged ultra vires investigation, to prevent anyone from using the information acquired during the audits, and to force the various appellees to conform to state law. Following a hearing, the trial court granted the appellees' motion to dismiss on the ground that the appellants had adequate

remedies at law.

1. Upon a motion to dismiss for failure to state a claim, the movant must show that the plaintiff could not possibly introduce evidence within the framework of his complaint sufficient to sustain a grant of the requested relief. *Koehler v. Massell*, 229 Ga. 359, 360 (191 SE2d 830) (1972). We view the appellants' complaint with this rule in mind.

2. The appellants seek a writ of mandamus to compel certain employees and officials of the Department of Revenue and of DeKalb County to "properly enforce and execute the laws and cease all ultra vires actions as alleged in this complaint." As the appellants' complaint has not set out a framework within which they could show that they have a "clear legal right to have [a] *particular act* [rather than a general pattern of conduct] performed," the trial court properly dismissed the request for a writ of mandamus. *McClure v. Hightower*, 237 Ga. 157 (227 SE2d 47) (1976).

3. The appellants also seek an injunction to prevent the appellees "from obtaining, sharing, disclosing and using any information obtained as a result of ultra vires acts of the [appellees]." The laws involved in this case may affect state employees and county employees in different ways. We will, thus, consider these two groups of appellees separately on appeal where appropriate.

a) OCGA § 48-2-7, which sets out the powers granted to the commissioner of the Department of Revenue, states: "(d) No provision of this chapter shall be construed to give the commissioner any power to . . . (2) Examine the books, records, inventories, or business of any taxpayer for any purpose other than determining liability for taxes collected directly by the commissioner, except as otherwise provided by law."

The appellants could conceivably show that the Department of Revenue employees, acting for the commissioner,[1] have been and are currently engaged in a series of audits conducted solely to uncover criminal activity unrelated to tax improprieties on the part of the person audited. Such conduct on the part of the Department of Revenue employees would be illegal and, assuming that no legal remedy is available to the appellants, would constitute grounds for the issuance of an injunction against the appellees who are employed by the Department of Revenue and thus are subject to the dictate of Code § 48-2-7. OCGA § 9-5-1.

The appellees contend that procedures for contesting any tax return provide adequate legal remedies for the appellants. Such proce-

---

[1] Employees' actions falling outside of the guidelines set by the commissioner might well be ultra vires actions as well.

dures do not provide adequate legal remedies because the wrong alleged, the conduct of unlawful audits, would be illegal for the sole reason that the audits are allegedly not being conducted to determine "liability for taxes collected." As the appellees from the Department of Revenue have not shown any other legal remedy available to the appellants, the trial court erred in dismissing the appellants' request for an injunction forbidding employees of the Department of Revenue from violating OCGA § 48-2-7.

We note that while a court of equity generally will not, as the appellees claim, interfere with a criminal investigation, OCGA § 9-5-2, the appellants' main contention is that the Department of Revenue may not legally be involved in a criminal investigation such as the one alleged, in the first place. If, for example, the Office of Planning and Budget were to conduct an ultra vires investigation of an individual, it could not avoid an injunction to cease the investigation on the grounds that the activities investigated were allegedly criminal.

OCGA § 48-2-7, however, only grants powers to the commissioner and subsequently the employees of the Department of Revenue. This statute, thus, only serves to limit the activities of the commissioner and his employees. Since the appellees employed by DeKalb County do not fall within this class, the class of persons controlled by OCGA § 48-2-7, the trial court did not err in dismissing the appellants' request for an injunction barring DeKalb County employees from violating OCGA § 48-2-7.

b) OCGA § 48-7-60 provides for confidentiality of tax information possessed by the Department of Revenue. Such information may be divulged only upon "proper judicial order or as otherwise authorized by law." The appellants contend that the Department of Revenue has disclosed tax information involving them[2] to DeKalb County law enforcement officials. Such a disclosure of confidential tax information would, in fact, violate OCGA § 48-7-60, absent a showing of a proper judicial order or another law authorizing disclosure. The appellees have not made such a showing.

The appellees contend, however, that the appellants possess legal remedies adequate to redress their alleged grievances. First, they contend that a motion to suppress would provide an adequate legal remedy to any of the appellants. Appellant Callahan has no standing to move to have the other appellants' tax information suppressed. They could not have their own tax information suppressed in the prosecution of Callahan, since here they are not defendants. See *Tileston v. Ullman*, 318 U. S. 44 (63 SC 493, 87 LE 603) (1943). A motion to suppress would only be effective as to tax information involving a de-

---

[2] Each appellant may only complain of disclosure of his own tax information.

fendant in a criminal case, such as Callahan in the DeKalb County case. A motion to suppress, thus, is an inadequate remedy for all of the appellants, save Callahan.

Next, the appellees assert that 42 USC § 1983 provides an adequate remedy for the appellants. Since the appellants could conceivably establish a case showing a violation of OCGA § 48-7-60 which falls short of a violation of the United States Constitution, the possibility of a 1983 action cannot be considered adequate for the purposes of a motion to dismiss. Thus, the trial court should have granted the appellees' motion to dismiss appellants' request for injunction relative to violations of OCGA § 48-7-60 only as it applied to appellant Callahan.

c) The framework of the appellants' complaint sets out a sufficient basis upon which they might be able to show special damages arising from violations of OCGA §§ 48-2-6 and 50-13-3 by employees of the Department of Revenue. *Keohler*, supra.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED MARCH 4, 1986 —
RECONSIDERATION DENIED APRIL 1, 1986.

*Allen R. Hirons, Dennis C. O'Brien,* for appellants.
*Albert Sidney Johnson, Michael J. Bowers, Attorney General, Warren R. Calvert, Assistant Attorney General,* for appellees.