A89A1578. McDEVITT & STREET COMPANY et al.
v. TRAMMELL.
(389 SE2d 3)

BIRDSONG, Judge.

Pursuant to our grant of a discretionary appeal, McDevitt & Street Company (McDevitt) and Aetna Casualty & Surety Company (Aetna) appeal from an order of the superior court again remanding this workers' compensation appeal to the full board. The record shows that Jimmy L. Trammell sustained an injury under circumstances giving rise to a workers' compensation claim.

After an award by an administrative law judge in favor of Trammell regarding a change of condition, McDevitt and Aetna appealed to the superior court. In January 1986, the superior court first re-

manded the claim to the full board to determine whether a physician relied on opinion evidence in reaching his findings and conclusions and whether he relied on recognized guidelines in determining the degree of disability. The order contained no indication that the full board was directed to return the appeal to the superior court after its decision, or that the superior court retained jurisdiction over the appeal.

The full board forwarded the matter to an ALJ to receive evidence pursuant to the mandate of the superior court and for all appropriate action based on the evidence received and the order of the superior court. After receiving evidence from the physician concerned by deposition, the ALJ issued an award answering the questions posed in the superior court's order, finding that Trammell had zero percent permanent partial disability to the body based on approved guidelines, and directing that Trammell be paid benefits for a temporary total disability. McDevitt and Aetna appealed the ALJ's award to the full board, and the full board made the ALJ's award its award, except that, apparently because of the remand from the superior court, it struck those portions of the ALJ's award granting Trammell temporary total disability benefits. Although neither party so requested, the full board "remitted" the claim to the superior court for further disposition. Thereafter, neither party appealed the award.

When 18 months passed without action by the superior court, Trammell moved for a decision on the remittal. After submission of briefs, the superior court again remanded the claim to the full board to accomplish the tasks specified in its order of January 1986. The court's order recited that the ALJ had gone beyond the court's earlier order by considering evidence unnecessary for clarification of the specific issues on which the remand was based, and that the full board did not answer the questions asked in the original remand order.

McDevitt and Aetna contend that the trial court erred by considering the motion because no timely appeal was taken from the full board's award of February 1987, and the full board lacked authority to remit the claim to the superior court. McDevitt and Aetna also assert that even if the superior court had jurisdiction over the appeal, the remand to the full board was error since the "any evidence rule" required the superior court to affirm the full board's award.

Trammell contends, however, that the February 1987 award was interlocutory because the award remitted the appeal to the superior court for disposition and it neither granted nor denied compensation, and further, the award was not otherwise appealable to the superior court. Trammell also contends that the award could not be affirmed under the "any evidence rule" because the issue of Trammell's change of condition was not properly before the superior court. *Held*:

1. Central to disposition of this appeal is whether the State

Board of Workers' Compensation has authority to remit a case to the superior court, without appeal by a party. Workers' compensation law is statutory in origin and procedure, *Continental Ins. Co. v. McDaniel*, 118 Ga. App. 344, 345 (163 SE2d 923), and " '[t]he [full board] is an administrative body and it possesses only the jurisdiction, power, and authority granted to it by the legislature.' *Robinson v. Zurich Ins. Co.*, 131 Ga. App. 795, 796 (207 SE2d 209)." *McGinty v. Alfred Simpson & Co.*, 188 Ga. App. 718, 719-720 (374 SE2d 217).

Consequently, we must look to the terms of the statute to determine the authority of the board. Appeals of workers' compensation cases to the superior courts are provided for in OCGA § 34-9-105, and the right of appeal is granted to the parties, not the board, OCGA § 34-9-105 (b). Further, no authority is granted elsewhere in the law to authorize the board to remit appeals to the superior court, and, in particular, interlocutory appeals in workers' compensation cases are not authorized. *Garner v. Owens-Illinois Glass Containers*, 134 Ga. App. 917, 920 (216 SE2d 709). Accordingly, that part of the full board's award which attempted to remit the award to the superior court was not authorized and had no legal effect.

Further, the January 1986 order of the superior court does not provide authority for the full board to remit the case to the superior court. The order remanding the case to the full board was the "equivalent of setting aside the finding and award of the board, and, further, the superior court lost jurisdiction upon the entering of its order." *General Motors Corp. v. Martin*, 119 Ga. App. 279 (167 SE2d 211).

Since the February 1987 award denied Trammell compensation, it was an appealable order, *Travelers Ins. Co. v. Haney*, 92 Ga. App. 319, 320 (88 SE2d 492), and it became final when no timely appeal was filed. OCGA § 34-9-105 (a). Thus, the superior court was without jurisdiction to act on Trammell's motion, and had no jurisdiction to conduct further appellate review in this case.

Consequently, the order of the superior court again remanding the case is in error and must be reversed.

2. In view of our disposition of this issue, we need not address the other contentions of the parties.

*Judgment reversed with direction that the trial court enter judgment dismissing the appeal for lack of jurisdiction. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 9, 1989 —
REHEARING DENIED NOVEMBER 22, 1989.

*Cone & Shivers, E. Scott Slappey*, for appellants.

*Floyd E. Doolittle,* for appellee.