## A91A0180. OFFUTT v. EARP.
(406 SE2d 571)

BANKE, Presiding Judge.

Acting pursuant to OCGA § 40-5-57, the Georgia Department of Public Safety revoked the appellant's Georgia driver's license based on a physical disability, specifically lack of sufficient visual acuity. That decision was upheld by the appellee Commissioner, whereupon the appellant petitioned the Superior Court of Fulton County for a de novo hearing pursuant to OCGA § 40-5-66. In addition, he sought injunctive relief pursuant to the Rehabilitation Act of 1973, 29 USCA § 701 et seq., and damages pursuant to 42 USC § 1983, based on alleged violations of his constitutional rights resulting from defects in the department's administrative procedures. On November 30, 1989, a consent order was entered by the superior court remanding the case to the department for individualized road testing of the appellant pursuant to the Rehabilitation Act. This order directed the administrative hearing officer to render a new decision based on the results of the road test and any other new evidence which might be presented, and it further specified as follows: "This court shall retain jurisdiction of this case *in the event either party is dissatisfied with the outcome of the administrative proceedings.* Plaintiff [appellant] shall dismiss this action within thirty days of the administrative decision, in the event he does not seek further judicial review." (Emphasis supplied.)

Based on the results of the road test, the department reinstated the appellant's driver's license. The appellant took no further action in the case until four months later, when he filed a motion in the superior court for an award of attorney fees and costs. By order dated June 29, 1990, the court denied this motion on the ground that it no longer had jurisdiction over the action. This appeal followed. *Held:*

1. The appellee has moved to dismiss this appeal based on the appellant's failure to follow the application procedures set forth in OCGA § 5-6-35. In his response to this motion, the appellant asserts that this appeal does not concern the portion of his complaint seeking judicial review of the administrative proceedings but only his claim for monetary damages and attorney fees. On that basis, the motion to dismiss is denied.

2. As noted previously, the remand order specified that the court would retain jurisdiction only "in the event either party is dissatisfied with the outcome of the administrative proceedings" and further specified that in the event the appellant did not "seek further judicial review," he would dismiss the action within 30 days of the new administrative decision. Nothing whatever was said about the claim for monetary damages and attorney fees; and in the absence of any such provision, we find no basis upon which the consent order could, on its face, be interpreted as having reserved jurisdiction over this claim.

However, the attorney who had represented the appellant during this stage of the proceedings submitted an affidavit in support of the motion for attorney fees stating: "When this case was called for hearing, the parties agreed that any issue of damages would remain within the court's jurisdiction." In its subsequent order dismissing the case, the superior court made no contrary finding to the effect that the consent order had encompassed a settlement of the damage claim but reasoned as follows: "When this court or an appellate court remands a case to a lower court, it gives up the case and thereby jurisdiction. [Cit.] The parties cannot confer jurisdiction by agreement or consent. [Cit.] Thus, that portion of the [consent] order in which the court retained jurisdiction is void."

In the present case, the appellant's claim for monetary damages and attorney fees was never pending before the Department of Public Safety, nor could it have been. Rather, it was filed in the superior court as an original action. Under these circumstances, the remand of the administrative case to the department for reconsideration clearly would not have prevented the superior court from retaining jurisdiction over the damage claim. Compare *McDevitt & Street Co. v. Trammell*, 193 Ga. App. 646 (389 SE2d 3) (1989). While it would appear from the language of the consent order that the parties and the court contemplated that the appellant would dismiss the entire action, including the damage claim, in the event the agency's administrative decision was favorable to him on remand, we are reluctant to hold as a matter of law that this was the effect of the order in view of the affidavit submitted by appellant's counsel. The dismissal order is accordingly vacated, and the case is hereby remanded to the superior court for a determination as to whether and to what extent its consent order was intended to encompass a settlement of the appellant's claim for damages and attorney fees.

*Judgment vacated and case remanded with direction. Carley and Beasley, JJ., concur.*

DECIDED JUNE 19, 1991.

*Ralph S. Goldberg, Georgia K. Lord*, for appellant.
*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General*, for appellee.