S96A1979. ANDERSON v. FLAKE.
(480 SE2d 10)

SEARS, Justice.

This appeal is brought from the trial court's dismissal of Petitioner's Information in the Nature of Quo Warranto ("the Petition"), challenging Respondent's eligibility to hold office as a Judge of the DeKalb County Superior Court. We find that the trial court erred (1) by failing to make the relevant inquiries in deciding Respondent's motion to dismiss, and (2) by basing its dismissal on the erroneous

---

conclusion that the Petition failed on its face to raise any question of fact regarding Respondent's residential qualification to sit as an elected judge in DeKalb County. Therefore, we reverse.

In November 1996, Respondent Gail C. Flake was re-elected to the office of Judge of the Superior Court of DeKalb County. Shortly before the primary to that election contest, Petitioner Carla Anderson, a citizen of DeKalb County, filed a verified Quo Warranto Petition.[1] In the Petition, Anderson asserted the following facts: (1) that beginning in 1993, Judge Flake owned an undivided one-half interest in property located in Newton County ("the Property"); (2) that Judge Flake and the Property's co-owner, Robert P. Jarvis, built a residence on the Property; (3) that thereafter, a homestead tax exemption was applied for in the names of both Judge Flake and Jarvis;[2] and (4) that after the homestead tax exemption was applied for, Jarvis transferred his one-half interest in the Property to Judge Flake, making her the sole owner of the Property. The Petition correctly stated (1) that Georgia law allows a homestead tax exemption only for a taxpayer's permanent "legal residence and domicile," of which there can be only one,[3] and (2) that our State Constitution requires judges of the superior courts to reside in the geographic district in which they serve.[4] Based upon these facts and legal principles, the Petition reasoned that "[Judge] Flake cannot sit as a Judge in DeKalb County if she is a resident of Newton County," and alleged that Judge Flake's holding of office in DeKalb County violates Georgia's Constitution and laws.

In response to the Petition, Judge Flake filed a motion to dismiss, in which she asserted that because the Petition did not affirmatively state that she is a resident of Newton County, it failed to allege that her legal residence disqualified her from holding office in DeKalb County. Prior to the commencement of a hearing scheduled on the motion to dismiss, Anderson filed an amendment to the Petition, which stated that "[b]ased on information and belief Gail C. Flake is a resident of Newton County Georgia and is not qualified to hold office of Judge of Superior Court of DeKalb County." At the commencement of the hearing that followed, the trial court accepted the

---

[1] Prior to filing the Petition, Anderson complied with her obligation to obtain the trial court's leave to file. See *Walker v. Hamilton*, 209 Ga. 735 (76 SE2d 12) (1953).

[2] A purported copy of the homestead tax exemption application was attached to the Petition, and confirmed that the application was made in the names of Judge Flake and Jarvis, even though the application was signed only by the latter as "homestead claimant." Other documentary exhibits attached to the Petition included a purported copy of Newton County's index of holders of homestead tax exemptions, which appears to list Judge Flake's name.

[3] See OCGA § 48-5-40 (3) (A), (G), (H) and (K).

[4] See Ga. Const. (1983), Art. VI, Sec. VII, Par. II; 1995 Op. Atty. Gen. No. U95-6.

amendment as filed.

At the hearing, Judge Flake's counsel argued that the amendment to the Petition should be stricken because it was unverified, and also argued that the Petition failed to state a claim in quo warranto upon which the relief sought could be granted.[5] Anderson responded to the first of these arguments by disputing the necessity of verifying a petition in quo warranto, but nonetheless offered to verify the amendment in open court, if the trial court so desired. Anderson also argued that the Petition satisfactorily stated a claim in quo warranto. At the conclusion of the hearing, the trial court dismissed the Petition.

A written order subsequently was issued, which dismissed the Petition because, according to the trial court, it showed only that a homestead tax exemption was applied for by Jarvis, and raised no question regarding Judge Flake's residential qualification to hold office in DeKalb County. Also, contrary to the ruling in open court, the written order dismissed the amendment to the Petition because it was "hastily drawn, unverified, appeared to be an afterthought of Petitioner's attorney, [and] . . . significantly altered the sufficiency of [the] Petition."

1. Quo warranto is an extraordinary remedy which exists solely by virtue of statute.[6] Proceedings in quo warranto are governed under the general rules applicable to all civil actions under the Civil Practice Act ("the CPA").[7] Under the CPA, a litigant may amend her pleadings as a matter of course and without leave of the trial court at any time before entry of the pretrial order.[8] Moreover, under the CPA, a petitioner in a quo warranto proceeding is not required to verify her pleadings.[9] Accordingly, the trial court correctly accepted the amendment to the Petition at the hearing, and erred by striking the amendment in the written order because it was not verified.

Furthermore, our review of the statutory and case law reveals no precedent for striking an amendment to a pleading because it was "hastily drawn, appeared to be an afterthought of [an] attorney, [or] . . . significantly alter[s] the sufficiency of [a] Petition," as was ruled by the trial court in its written order.[10] Hence, the trial court erred by

---

[5] Counsel for Judge Flake argued that even if all of the allegations in the Petition were admitted, it still did not establish that she was a resident of Newton County, warranting dismissal. In making this argument, counsel obviously presupposed that the amendment to the Petition was invalid.

[6] OCGA § 9-6-60 et seq.; see *Walker*, 209 Ga. at 737.

[7] See OCGA §§ 9-11-1 and 9-11-81; 74 CJS 236, Quo Warranto, § 36 (1951).

[8] OCGA § 9-11-15 (a). See also OCGA § 9-11-81 (under all circumstances, the provisions of the CPA shall govern issues concerning pleadings and amendments thereto in special statutory proceedings).

[9] OCGA §§ 9-11-111 and 9-6-60 et seq.

[10] See *Whaley v. Disbrow*, 225 Ga. 145 (166 SE2d 343) (1969) (The mere fact that allega-

striking the amendment on these grounds as well, and the ruling striking Anderson's amendment to the Petition is reversed.

2. A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof;[11] and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.[12] If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied.[13] In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[14]

The trial court erred by failing to make these relevant inquiries prior to dismissing the Petition. Moreover, once these inquiries are made, it becomes clear that the Petition should not have been dismissed. Especially in light of the documentary evidence attached to Anderson's Petition regarding the homestead tax exemption application and Newton County's tax records,[15] it cannot be said that, within the framework of the Petition, no evidence could be introduced that would support a finding that at the time the Petition was filed, Judge Flake did not satisfy the residency requirement for holding office in DeKalb County. Rather, it is possible that evidence could be introduced that might show the sufficiency of the Petition and warrant the issuance of a writ in quo warranto, and a review of the record shows that Respondent failed to make a contrary showing. Therefore, the motion to dismiss should have been denied.

Furthermore, the trial court's basis for dismissing the Petition — because it failed to raise a question as to Judge Flake's residential qualification to hold office — was clearly erroneous. The Petition as amended alleged in no uncertain terms that Judge Flake was not a resident of DeKalb County, and therefore was ineligible to hold office in that county. While the sufficiency of the Petition is most obvious when it is considered in its amended form, we note that the Petition

---

tions in a complaint are "skimpily set forth" does not warrant the granting of a motion to dismiss).

[11] *Kaplan v. Kaplan*, 266 Ga. 612, 613 (469 SE2d 198) (1996); see OCGA § 9-11-12 (b) (6).

[12] *Willis v. Dept. of Revenue*, 255 Ga. 649, 650 (340 SE2d 591) (1986).

[13] *Oliver v. Irvin*, 230 Ga. 248, 249 (196 SE2d 429) (1973); *Hitachi Chemical Electro-Products v. Gurley*, 219 Ga. App. 675, 677 (466 SE2d 867) (1995).

[14] *Quetgles v. City of Columbus*, 264 Ga. 708 (450 SE2d 677) (1994).

[15] See note 2, supra.

may not have been subject to dismissal even before it was amended, because this Court has indicated that a pleading in quo warranto is not vulnerable to a motion to dismiss where the motion is premised upon a defect which may be remedied by amendment to the pleading.[16]

Accordingly, the trial court erred in dismissing the Petition for failure to state a claim in quo warranto, and that ruling is reversed. This matter is remanded to the trial court for appropriate proceedings to determine the sufficiency of the allegations set forth in the Petition.[17]

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 21, 1997 —
RECONSIDERATION DENIED FEBRUARY 14, 1997.

*J. M. Raffauf, Gerard J. Lupa,* for appellant.
*Michael J. Bowers, Attorney General, John C. Jones, Senior Assistant Attorney General, Stacey L. Ferris-Smith, Assistant Attorney General,* for appellee.

---

[16] See *Bower v. Avery,* 172 Ga. 272 (2) (158 SE 10) (1931).

[17] On remand, among other things, the Petition will need to be considered in light of the facts existing at the time it was filed. See id., 172 Ga. at 272 (6) (in the event of a change in residence following election to office, a relevant inquiry in quo warranto proceeding is whether the residential requirement for that office was satisfied at the time of election).