S05A0885. AJC GWINNETT NEWS et al. v. CORBIN et al.
(621 SE2d 753)

HINES, Justice.

This is an appeal by "AJC Gwinnett News and WSB-TV" from the superior court's grant of Barton Corbin's "Emergency Motion to Prohibit Prosecution, Law Enforcement, Court Personnel and Others from Disseminating Information Regarding the Case," filed while potential charges against him were being presented to a grand jury for consideration. As the appeal is moot, it must be dismissed.

When Corbin presented his motion, he was under suspicion for the crime of murder, and the District Attorney's office was seeking an indictment against him. His motion asked for an order restraining

those persons connected with the investigation or potential prosecution of the case from making any extra-judicial statements that could reasonably be expected to be reported in the news media, asserting that exceptionally prejudicial publicity could result from them. The superior court judge with responsibility for supervising the grand jury granted the motion and issued the requested order. Although the order prohibited extra-judicial statements, it specifically stated that the media could attend hearings and access any public record in the case. The order also stated that it "will remain in effect until such time as the Judge presiding over the trial proceedings enters an Order dissolving or otherwise modifying this Order." The appellants filed a notice of appeal.

Corbin filed, in this Court, a motion to dismiss the appeal, asserting that: the appellants are not parties to the action in the court below in which the subject order was issued; the order at issue is not final, but is the subject of a "motion to clarify" below; and, the appellants do not meet the standards set forth in *R.W. Page Corp. v. Lumpkin*, 249 Ga. 576 (292 SE2d 815) (1982) and in *In re Paul*, 270 Ga. 680 (513 SE2d 219) (1999), for a collateral appeal by media interests in a criminal proceeding. But we need not address these arguments. The grand jury has issued a true bill of indictment against Corbin, the case is now before an assigned trial court, the order at issue has been vacated by this trial court, and a new order addressing nondisclosure has been entered, with significantly different terms.[1] Consequently, it appears that this appeal is moot, as resolving it "would amount to the determination of an abstract question not arising upon existing facts or rights. . . ." *Collins v. Lombard Corp.*, 270 Ga. 120, 122 (1) (508 SE2d 653) (1998). The dismissal of moot appeals is mandatory. Id. at 121.

However, appellants argue that the appeal is not moot, as the situation presented is capable of repetition yet evading review. They are correct that cases "in which there is 'intrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers . . .' [cit.]," *Collins v. Lombard Corp.* at 122, are not encompassed within the definition of mootness. Id. But, that principle does not apply. There is nothing inherent in an order such as this which would prevent it from continuing to be in effect after a criminal case has progressed to the trial court stage, and nothing to prevent any entity that might have taken an appeal from such an order from continuing to pursue it. In fact, under the terms of this order, had the trial court taken no further action on the subject, the original order would continue in force. Had that occurred, or even if the trial court

---

[1] During oral argument, the appellants expressed satisfaction with this later order.

844

had issued its own order encompassing the same terms as the original one, this appeal would present a question arising upon existing facts, and no issue of mootness would be posed. Thus, the controversies presented in this appeal are not capable of repetition yet evading review, and the appeal must be dismissed as moot.

*Appeal dismissed. All the Justices concur.*

DECIDED NOVEMBER 7, 2005.

*Dow, Lohnes & Albertson, Peter C. Canfield, Thomas M. Clyde, Christopher Reilly*, for appellants.

*L. David Wolfe, Bruce S. Harvey, King, Lipscomb & Lloyd, Judy C. King, Arnall, Golden & Gregory, Robert L. Rothman, Roger A. Chalmers, Daniel J. Porter, District Attorney*, for appellees.