S06A1006. ALLEN v. YOST et al.

(636 SE2d 517)

THOMPSON, Justice.

Appellant Carolyn C. Allen and appellee Charlie Sanders were candidates for the office of City Council for Ward 5 in the city of Dawson, Georgia. The election was held on November 8, 2005, and the results were consolidated and certified on the next day. Sanders was declared the winner by one vote. Allen requested and received a recount of the election results under OCGA § 21-2-495, but the outcome remained the same.

Thereafter, Allen filed a petition against City of Dawson Election Superintendent Pat Yost, Charlie Sanders and others (appellees herein), contesting the results of the election. Sanders filed a motion to dismiss claiming that Allen's petition was moot because she failed to bring her claim prior to the election. After hearing argument on the motion to dismiss, but prior to a scheduled evidentiary hearing on the merits of the petition, the trial court entered an order granting Sanders' motion to dismiss. We reverse.

Allen brought her claim specifically invoking OCGA §§ 21-2-521 and 21-2-522 (1) and (3). OCGA § 21-2-521 allows a candidate to contest "the election of any person who is declared elected" to the office for which that candidate ran. OCGA § 21-2-522 sets forth the

grounds available to contest election results. Allen's petition alleged that the election results were placed in doubt due to misconduct, fraud, or irregularity by election officials, OCGA § 21-2-522 (1); and that illegal votes were cast in the election sufficient to change or place in doubt the result, OCGA § 21-2-522 (3).[1] Such petition is timely if it is filed within five days of the official consolidation of the returns or, in the case of a recount, within five days after consolidation and certification of the results of the recount. OCGA § 21-2-524 (a). Allen's petition was filed on the same day that the recount results were certified.

Sanders' motion to dismiss was predicated on OCGA § 21-2-230 (a), which provides that any elector "may challenge the right of any other elector of the county or municipality, whose name appears on the list of electors, to vote in an election," and that such "challenge may be made at any time prior to the elector whose right to vote is being challenged voting" either at the voting place or by absentee ballot. The trial court adopted Sanders' argument and concluded that Allen's challenge to the qualifications of electors was untimely under OCGA § 21-2-230 because it was not filed prior to the election. In further support of its ruling, the trial court relied on *Jordan v. Cook*, 277 Ga. 155 (587 SE2d 52) (2003).

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. . . . In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

*Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

Although OCGA § 21-2-230 provides a means for an elector to challenge the qualifications of another elector prior to the election, it is not the only procedure available to a candidate who wishes to

---

[1] Specifically, the petition alleged that at least three named individuals who cast votes in the Ward 5 election were ineligible to vote at the time of the election because these individuals resided outside Ward 5; that a fourth individual fraudulently identified himself as another registered voter and cast a ballot in his place; and had any of these four improper votes been rejected, the results of the election would have been changed or placed in doubt.

challenge the *results* of an election. First, OCGA § 21-2-230 is framed in permissive language. And as noted previously, Allen's challenge specifically was brought pursuant to OCGA §§ 21-2-521 and 21-2-522 (1) and (3). The plain language of those statutes permits a post-election challenge on the grounds enumerated in OCGA § 21-2-522. That is exactly what Allen's timely petition alleged. There is simply no statutory provision or case law to support the proposition that a candidate must challenge the illegal votes prior to the election or else be foreclosed from bringing an election contest. See, e.g., *Taggart v. Phillips*, 242 Ga. 454 (249 SE2d 245) (1978) (trial court erred in concluding the qualification of voters must be challenged before the election in order to have the right to contest the completed election); *Davidson v. Bryan*, 242 Ga. 282, 284 (3) (248 SE2d 657) (1978) ("[t]here is no statutory provision requiring a candidate to challenge illegal registrants before the election").[2]

*Jordan v. Cook*, supra, does not compel a contrary result. While Allen's challenge is to election results on grounds that illegal votes had been cast, *Jordan* involved a challenge to a candidate's qualifications, which the Court characterized as "a pre-election decision." Id. at 157. Because Jordan failed to appeal an adverse decision of the election superintendent to the superior court prior to the election, or to exercise his right under OCGA § 21-2-6 (e) to seek a stay of the election, we held that the appeal was rendered moot by the election. Obviously, *Jordan* did not involve an election contest brought under OCGA § 21-2-520 et seq., which by its terms, allows a candidate "to contest the result of any primary or election," OCGA § 21-2-520 (1). Election results can only be obtained after the election is held.

"If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied." *Anderson*, supra at 501. Based on the foregoing analysis, Allen's complaint is sufficient and the trial court erred in granting Sanders' motion to dismiss.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Moore, Clarke, DuVall & Rodgers, Kim M. Minix*, for appellant.

---

[2] We acknowledge that both *Taggart* and *Davidson* were decided under prior law.

*Hodges, Erwin, Hedrick & Coleman, Franklin T. Coleman III, Maurice L. King, Jr., Collier & Gamble, Edward R. Collier*, for appellees.