S06A1988. EWING v. CITY OF ATLANTA et al.
(642 SE2d 100)

SEARS, Chief Justice.

The appellant, Lieutenant Herbert Ewing, filed a petition for a writ of mandamus against the appellees, the City of Atlanta and Richard J. Pennington, Chief of Police. Ewing alleged that the Atlanta Police Department abused its discretion when it denied him authorization for outside employment, and Ewing sought damages for past denials of outside jobs and mandamus relief requiring the appellees to permit him to work future jobs. The trial court granted the appellees' motion to dismiss, and Ewing has filed this appeal, contending that the trial court erred in dismissing his complaint. For the reasons that follow, we agree.

1. Although the parties agree that Ewing's mandamus petition is now moot, as he has been permitted to work outside jobs, we disagree with the city's assertion that Ewing's appeal is moot.

Ewing filed a complaint entitled a "Petition for Mandamus," alleging that the city was liable for his damages and mandamus claims based on the ground that the city had improperly denied his request to work outside jobs. The city moved to dismiss the "Petition," asserting that it was not liable as it had properly denied Ewing's requests to work outside jobs, and requesting that the trial court deny "Plaintiff all requested relief." Of course, part of Ewing's "requested relief" was damages. The trial court adopted the city's reasoning in granting the city's motion to dismiss.

Because Ewing's "Petition for Mandamus" raised claims for mandamus relief and damages; because Ewing's alleged basis for the city's liability for both of those claims is that the city acted improperly

and abused its discretion in denying his request for outside jobs; and because the city's motion to dismiss applied to all relief requested by Ewing, a fair reading of the record is that the trial court dismissed both claims in dismissing Ewing's "Petition for Mandamus."[1]

For these reasons, we conclude that Ewing's appeal is not moot.

2. "In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor. A motion to dismiss should only be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts."[2] Stated somewhat differently, a motion to dismiss should not be granted unless " 'the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.' "[3]

Section 114-436 of the Code of Ordinances of the City of Atlanta sets forth seven reasons that a supervisor may deny an employee's request to work an outside job. Most relevant to the present case are subsections (1) and (2), which permit a supervisor to deny the employee the right to work outside jobs if the outside employment will "interfere with . . . the employee's duties"[4] and "involve a conflict of interest or a conflict with the employee's duties."[5]

In the present case, Ewing's pleadings stated that his request for outside employment was denied on the ground that it was in the police department's best interest. Moreover, Ewing's complaint alleged that his request to work an extra job did not present a conflict of interest, did not violate any rules, regulations, or procedures, and did not impair his job performance. The complaint also alleged that he has not been charged with or convicted of any work rule violation of departmental policy that would permit the denial of his request.

In ruling on the appellees' motion to dismiss Ewing's complaint, the trial court stated that ground for the denial of Ewing's request to

---

[1] The dissent asserts that Ewing, by stating in his appellate brief that the trial court has not decided the issue of damages, acknowledges that the appeal is an interlocutory appeal only from the mandamus ruling. This is not a fair reading of Ewing's brief. Ewing states in his brief that the appeal is from a "final judgment." Appellant's brief, p. 1. Similarly, the city states in its brief that the appeal is from "a Final Judgment of the Superior Court of Fulton County." Appellee's brief, p. 1. Ewing's brief simply acknowledges the fact that the trial court has not decided the amount of damages, if any, that is due to him because the trial court ruled against his ground for holding the city liable on his damages claim.

[2] *McGowan v. Progressive Preferred Ins. Co.*, 281 Ga. 169, 170 (637 SE2d 27) (2006) (citations omitted).

[3] *Allen v. Yost*, 281 Ga. 102, 103 (636 SE2d 517) (2006), quoting *Anderson v. Flake*, 267 Ga. 498, 501 (480 SE2d 10) (1997).

[4] Section 114-436 (1).

[5] Section 114-436 (2).

work an outside job — that it was in the police department's best interest — was consistent with the requirements of Section 114-436 (1) and (2) that the outside employment not interfere or conflict with an employee's duties. The trial court thus concluded that the supervisor had acted properly in denying Ewing's request for outside employment, and dismissed his complaint.

We conclude that the trial court's rationale was faulty. The stated reason for denying Ewing's request (i.e., that it was in the police department's best interest) was merely an unexplained conclusion that offered no clue on its face as to which of the seven grounds set forth in Section 114-436 for denying a request for outside employment was the city's actual ground for denial. The trial court essentially construed the pleading most favorably to the appellees in concluding that Ewing's request for outside relief was properly denied based on Section 114-436 (1) and (2). As the trial court was ruling on a motion to dismiss, it erred in doing so. Moreover, construing the pleading most favorably to Ewing, the complaint does not disclose with certainty that Ewing would not be entitled to relief under any state of provable facts. In this regard, Ewing's complaint alleged that he had not violated any departmental policy that would permit the denial of his request, and that his request to work an extra job complied with all requirements for doing so and would not impair his job performance. Because these allegations tend to show that the city did not properly deny his request for outside employment, and because the city, as the movant on the motion to dismiss, did not establish that Ewing " 'could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought,' "[6] we conclude that the trial court erred in granting the appellees' motion to dismiss.

For the foregoing reasons, we reverse the trial court's dismissal of Ewing's damages claim and remand for proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur, except Carley, Hines and Melton, JJ., who dissent.*

CARLEY, Justice, dissenting.

The majority unnecessarily reverses the judgment of the trial court based upon a ruling which Appellees did not seek, which the trial court did not make, and of which Appellant has not complained.

The majority correctly recognizes that the complaint sought both mandamus relief and damages. In their answer, Appellees included a motion to dismiss the mandamus claim. OCGA § 9-11-12 (b) (6). In the

---

[6] *Allen v. Yost*, 281 Ga. at 103, quoting *Anderson*, 267 Ga. at 501.

concluding portion of the answer, Appellees asked the trial court to *dismiss* that mandamus claim, consistent with the motion, and further to *deny* Appellant all requested relief. Clearly, therefore, Appellees wisely directed their motion to the single claim of mandamus, thereby permitting the trial court to grant the motion to dismiss as to that claim without regard to the separate damages claim. Hardy Gregory, Jr., *Georgia Civil Practice* § 3-6 (B) (9) (g) (2nd ed. 1997). See also *Goolsby v. Regents of the Univ. System of Ga.*, 141 Ga. App. 605, 610 (8) (234 SE2d 165) (1977), disapproved on other grounds, *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (3) (414 SE2d 638) (1992).

In its order, the trial court never mentioned the claim for damages, but rather discussed only the mandamus claim, applying the legal standards for entitlement to a writ of mandamus. The trial court then stated that "[t]he Motion to Dismiss is GRANTED and the writ is DENIED." The trial court's reference to the writ clearly shows that the order is directed solely to the mandamus claim. Furthermore, the trial court's order must be construed in connection with the motion to dismiss, even though such construction limits the generality of the order. See *Clark v. Bd. of Dental Examiners*, 240 Ga. 289, 294 (5) (240 SE2d 250) (1977). That order granted only the motion to dismiss, which, as discussed above, was directed to the mandamus claim alone. Thus, the claim for damages was not dismissed.

Appellant enumerated as error only the trial court's ruling on the motion to dismiss the mandamus claim, as he recognized that "the issue of damages . . . has not been decided by the trial court. . . ." (Appellant's brief, pp. 4-5, fn. 2.) We are "precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors. [Cits.]" *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).

Accordingly, this appeal does not concern the portion of the complaint seeking monetary damages, but only the mandamus portion, which involves the review of an administrative decision. *Dunlap v. City of Atlanta*, 272 Ga. 523, 524 (531 SE2d 702) (2000); *Strohecker v. Gwinnett County Police Dept.*, 182 Ga. App. 853, 854 (2) (357 SE2d 305) (1987). Compare *Harrell v. Little Pup Development & Constr.*, 269 Ga. 143, 144 (1) (498 SE2d 251) (1998); *Offutt v. Earp*, 200 Ga. App. 74 (1) (406 SE2d 571) (1991). Therefore, although the trial court's order "was appealable under OCGA § 5-6-34 (a) [(7)], [Appellant] was nevertheless required to obtain permission to file the appeal, and could not circumvent the discretionary application requirements of OCGA § 5-6-35. [Cits.]" *Ladzinske v. Allen*, 280 Ga. 264, 267 (626 SE2d 83) (2006). Because he failed to do so, this appeal should be dismissed. *Ladzinske v. Allen*, supra; *Dunlap v. City of Atlanta*, supra. Moreover, "[t]he dismissal of moot appeals is mandatory. [Cit.]" *AJC Gwinnett News v. Corbin*, 279 Ga. 842, 843 (621 SE2d

753) (2005). Thus, even if Appellant was not required to file an application for discretionary appeal, dismissal of the appeal would still be mandated because the mandamus claim is moot and, the claim for damages is not in any way part of this appeal. Accordingly, I dissent to the reversal of the trial court's judgment.

I am authorized to state that Justice Hines and Justice Melton join in this dissent.

DECIDED FEBRUARY 26, 2007.

*Lawson & Thornton, George O. Lawson, Jr.,* for appellant.
*Linda K. DiSantis, Amber A. Robinson, Cleora S. Anderson,* for appellees.