**THIRD DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 26, 2023**

# In the Court of Appeals of Georgia

A22A1183, A22A1314. BCG OPERATIONS, LLC v. TOWN OF
    HOMER et al.; and vice versa.

DOYLE, Presiding Judge.

BCG Operations, LLC ("BCG"), filed a petition for writ of mandamus and a complaint for inverse condemnation and damages after the Town of Homer ("the Town") refused to accept BCG's application for a distilled spirits consumption license ("liquor license"). The trial court granted BCG's writ of mandamus, ordering the Town to process and grant BCG's application. BCG then filed a motion for partial summary judgment seeking damages related to the Town's refusal to accept its application for a liquor license. The court denied BCG's motion. BCG appeals the trial court's denial of its motion for partial summary judgment, and the Town, the Town's council, and the Town's mayor (collectively, "cross-appellants") appeal from

the trial court's award of writ of mandamus to BCG. For the reasons set forth infra, we affirm the trial court's denial of BCG's motion for partial summary judgment and dismiss the cross-appeal as moot.

In 2014, Banks County Golf, LLC ("Banks County Golf"), which is operated by BCG, purchased the Chimney Oaks Development. The intent behind the purchase was to improve the golf course and build a clubhouse, which would serve beer, wine, and liquor. Jim Prichard, a principal owner of Banks County Golf, testified at the hearing before the trial court that he met with the Town's mayor and the downtown development authority before the property was purchased, and stated that the Town's representatives were supportive of plans to improve the golf course. Prichard also testified that the Town's representatives were informed that the clubhouse needed liquor sales to be competitive with other venues in the area, and that no concerns regarding the Town's liquor license ordinance were noted. Prichard testified that based on assurances BCG could obtain a liquor license, they moved forward with building the clubhouse. Ground was broken on the clubhouse in September 2019.

The Town's attorney testified that he first became aware of the Town's ordinance governing liquor licenses in approximately June 2019. After researching the ordinance, the attorney determined that it constituted an impermissible ultra vires

2

act, and consequently the Town could not award licenses to sell liquor by the drink.[1] The attorney decided to address this issue by including a question concerning the Town's ability to issue liquor licenses in the upcoming referendum, which was already scheduled to contain questions regarding the Sunday sale of alcohol. However, the attorney also testified that he did not inform the Town's mayor or council of his findings regarding the ordinance, and he confirmed that before his analysis the ordinance had not been challenged.

In January 2020, BCG applied for licenses to serve beer, wine, and liquor with the clerk's office. An employee of the clerk's office contacted the Town's attorney, who advised the clerk not to accept BCG's application to serve liquor. The attorney, however, did not consult with the mayor or city council prior to advising the city clerk. The clerk subsequently informed BCG that the Town could not accept BCG's application for a liquor license, but the Town did accept, and subsequently grant, BCG's application for a beer and wine license.

---

[1] The only previous liquor license issued by the Town had been granted to Scales Creek Country Club in 1998, the predecessor of Banks County Golf.

BCG filed a petition for writ of mandamus and declaratory judgment, and a complaint for inverse condemnation and damages asking that the trial court require the Town to accept and grant its application for a liquor license. BCG also filed an emergency motion for preliminary injunction and a motion for permanent injunction asking the court, in part, to prevent the Town from including in the referendum a question regarding whether the Town could issue licenses to serve liquor by the drink. The trial court held a hearing and granted BCG's petition for writ of mandamus, thereby directing the Town to accept and award BCG a liquor license, but denied BCG's motions for preliminary and permanent injunctions. BCG then filed a motion for partial summary judgment seeking damages related to the Town's refusal to accept its application for a liquor license, which the trial court denied. BCG now appeals from the court's denial of its motion for partial summary judgment, and the cross-appellants appeal from the grant of BCG's petition for a writ of mandamus.

"[A]ppellate courts will not interfere with a trial court's decision granting mandamus relief absent a showing that the court manifestly abused its discretion. Review of the trial court's determination on a question of law, however, is de novo."[2]

_____

[2] (Citations and punctuation omitted.) *Adams v. Neykov*, 356 Ga. App. 884, 885 (849 SE2d 712) (2020).

4

Additionally,

> [i]n order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment, the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[3]

With these guiding principles in mind, we now turn to the parties' claims of error.

*Case No. A22A1314*

1. Cross-appellants argue that the trial court erred in granting BCG's petition for writ of mandamus because its liquor license ordinance constituted an ultra vires act, and alternatively, that the court erred in dictating the exercise of the Town's discretionary authority under OCGA § 3-4-160 (c).

---

[3] (Citation and punctuation omitted.) *Alford v. Hernandez*, 343 Ga. App. 332, 337 (807 SE2d 84) (2017).

5

However, before examining the substance of the cross-appellants' arguments, we must first consider whether, as BCG maintains, this appeal is now moot as the liquor license has expired.

> Mootness is a jurisdictional question because it concerns a court's power to decide a case. Georgia's Article VI[4] courts are vested with the judicial power of the state. As traditionally understood, that power allows courts to decide cases: "live disputes" between adverse parties, in which one party has asserted an injury in fact that was caused by the other and that can be redressed by a favorable decision. A claim of mootness is a claim that, for one reason or another, the asserted injury can no longer be redressed by a favorable decision. So, at bottom, a case that is moot is not a case within the reach of the judicial power. And so we address mootness, like other jurisdictional questions, before reaching the merits.[5]

Here, the liquor license, which the trial court ordered the Town to issue through a writ of mandamus, has expired. As we have held previously, "[a] case becomes moot on appeal if the appellants can no longer get their desired relief, and so a

---

[4] Ga. Const. Art. VI, Sec. I, Par. I.

[5] (Citations and punctuation omitted.) *Rampersad v. Plantation at Bay Creek Homeowners Assn.*, 362 Ga. App. 329, 331-332 (1) (868 SE2d 475) (2022).

favorable decision on appeal would be of no benefit to them."[6] Moreover, "[i]t is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot."[7] Because the license has expired, even if we reverse the trial court's order requiring the Town to issue the license, it would be of no benefit to the Town.[8]

Cross-appellants assert, however, that the appeal is not moot even though the license expired because BCG has appealed the trial court's denial of its motion for partial summary judgment seeking damages due to the Town's delay in issuing the liquor license. According to the cross-appellants, because BCG's claim for damages centered on "the mandamus order's finding that BCG was entitled to a liquor

---

[6] Id. at 332 (1).

[7] (Citation and punctuation omitted.) *Bd. of Commrs. v. Cooper*, 259 Ga. 785, 785 (387 SE2d 138) (1990); see *Inserection, A Fantasy Store v. City of Marietta*, 278 Ga. 170, 171 (1) (598 SE2d 452) (2004) (holding that an appeal from the grant of an injunctive relief against the continued operation of a store as a public nuisance became moot at the expiration of the company's license); *Members of Bd. of Commrs. v. Golden Gallon*, 244 Ga. 209, 210 (259 SE2d 463) (1979) (dismissing appeal from the grant of injunctive relief where the malt beverage license at issue had expired).

[8] See *Gober v. Colonial Pipeline Co.*, 228 Ga. 668, 670 (1) (187 SE2d 275) (1972) ("This court will upon its own motion dismiss an appeal where it affirmatively appears . . . that a decision would be of no benefit to the complaining party.").

7

license[,]" a reversal of the court's order granting the writ would benefit them by undercutting BCG's rationale for damages. We find this argument unpersuasive.

The trial court's rationale behind its ruling denying BCG's motion for damages was that it could not award BCG damages *because* it had issued a writ of mandamus. The court found that granting BCG a wit of mandamus and an award of damages would have constituted an impermissible "stacking of remedies[.]" Thus, a reversal of the court's ruling on the mandamus order would actually undercut the trial court's reasoning that in turn benefitted the cross-appellants.[9]

Therefore, because the Town would not benefit from a resolution of the issues it has raised on appeal, these issues are moot.

*Case No. A22A1183*

2. BCG argues that the trial court erred in concluding that the grant of writ of mandamus precluded an award of monetary damages.

---

[9] Although the cross-appellants also assert in passing that they would benefit from reversal of the court's mandamus order because BCG is seeking to recover attorney fees incurred prior to the issuance of the writ, this argument is also unpersuasive. Unlike the cases cited by the cross-appellants, the issue of attorney fees was not decided at the time of this appeal, and a reversal of the trial court's order granting BCG's petition for writ of mandamus would not directly benefit the cross-appellants. Cf. *Rampersad*, 362 Ga. App. at 332 (1) (holding that the case was not moot because, unlike most foreclosure actions, the foreclosure sale had been completed before the appeal and therefore was capable of being cleanly unwound).

8

Here, BCG argues that it was entitled to receive not only a writ of mandamus, but also damages related to the Town's decision not to accept its application for a liquor license.

> Mandamus is an extraordinary remedy that is available only where a litigant seeks to require a public official to perform an act or fulfill a duty that is required by law and where there is no other specific legal remedy. A writ of mandamus should only be granted where there is a clear legal right to the relief being sought.[10]

As the Supreme Court of Georgia has stated previously, "[t]he law simply does not allow this stacking of remedies. To the contrary, if another legal remedy is available, mandamus is not."[11] The Supreme Court of Georgia has further held that "the writ of mandamus is an extraordinary remedy available in limited circumstances to compel action by a public officer *when there is no other adequate legal remedy*."[12] Therefore, as BCG was able to prevail on its petition for writ of mandamus, it may

---

[10] (Citations and punctuation omitted.) *Clayton County Bd. of Commrs. v. Murphy*, 297 Ga. 763, 764 (778 SE2d 193) (2015); see OCGA § 9-6-20 ("[T]he writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights[.]").

[11] (Citation omitted.) *Rabun County v. Mt. Creek Estates*, 280 Ga. 855, 858 (1) (632 SE2d 140) (2006).

[12] Id. at 857-858 (1).

9

not also seek to recover damages stemming from the same circumstances that gave rise to the award of mandamus.

Although BCG cites *Ewing v. City of Atlanta*[13] for support, this case is distinguishable. In *Ewing*, a police lieutenant filed a petition for writ of mandamus alleging that the Atlanta Police Department abused its discretion when it denied him the ability to obtain outside employment.[14] The officer also sought damages for past denials of outside work.[15] The trial court granted a motion dismissing the officer's action, and the officer appealed.[16] Although both parties agreed that the officer's mandamus petition was moot because he had since obtained outside employment, the city argued that his entire appeal was moot.[17] The Supreme Court of Georgia held that his entire appeal was not moot, reversed the dismissal of the officer's damages claim, and remanded the case for proceedings consistent with its opinion.[18] However, the

---

[13] 281 Ga. 652 (642 SE2d 100) (2007).

[14] Id. at 652.

[15] Id.

[16] Id.

[17] Id. at 652 (1)

[18] Id. at 653-654 (1)-(2).

10

Supreme Court did not discuss the substance of the officer's mandamus petition, or touch on the issue of whether damages may be awarded alongside mandamus relief. Additionally, the trial court in that case did not grant a writ of mandamus.[19] Thus, we conclude that BCG reads too much into *Ewing*, and that the trial court did not err in concluding that BCG was not entitled to damages.

3. BCG argues that the trial court erred in relying on OCGA § 9-6-25 as part of its rationale for denying BCG's motion for partial summary judgment.

OCGA § 9-6-25 states that "[i]n order for a plaintiff to enforce a private right by mandamus he must show pecuniary loss for which he cannot be compensated in damages." As the Supreme Court of Georgia has stated, "American law long has distinguished between the public rights belonging to the people at large and the private unalienable rights of each individual."[20] For example, "the right of access afforded by the [Georgia Open Records Act[21]] is a public right of the People as a

---

[19] Id. at 652.

[20] (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 178 (2) (a) (751 SE2d 337) (2013).

[21] See OCGA § 50-18-70 et seq.

whole, rather than a private right vested in any particular person."[22] In contrast, the

Supreme Court of Georgia has held that a corporation has a vested right in the re-

issuance of licenses allowing it to do business and serve alcohol.[23] Thus, the right

associated with a license to sell liquor by the drink is in the nature of a private right

of the individual rather than a public right of the citizens as a whole. Therefore, we

conclude that the trial court did not err in citing to OCGA § 9-6-25, which addresses

the enforcement of a private right by mandamus, to support its reasoning for denying

BCG's motion for summary judgment.

However, even assuming arguendo that the trial court was mistaken in relying

on OCGA § 9-6-25, the court also based its reasoning on the alternative, and

independent, rationale examined above, i.e., awarding damages in addition to

---

[22] (Punctuation omitted.) *Smith v. Northside Hospital*, 347 Ga. App. 700, 704-705 (820 SE2d 758) (2018). The Supreme Court of Georgia has most recently stated in *Sons of Confederate Veterans v. Henry County Bd. of Commrs.*, Nos. S22G0039, S22G0045, 2022 Ga. LEXIS 284 (October 25, 2022) that suits involving private rights are "those belonging to an individual as an individual." The Court further noted that "[w]hile . . . mandamus actions [require] a particularized injury for enforcement of private rights, . . . where the question is one of public right, and the object of the mandamus is to procure the enforcement of a public duty, the [individual seeking mandamus] need not show that he has any legal or special interest in the result[.]" Id. at 39 (2) (c) (ii).

[23] See *Goldrush II v. City of Marietta*, 267 Ga. 683, 695-696 (8) (482 SE2d 347) (1997).

mandamus in this circumstance would amount to an impermissible stacking of remedies. Thus, the trial court did not err in denying BCG's motion for partial summary judgment.

*Judgment affirmed in Case No. A22A1183. Appeal dismissed in Case No. A22A1314. Miller, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*