**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 18, 2014**

# In the Court of Appeals of Georgia

A13A2373. ISLAM v. WELLS FARGO BANK, N.A. et al.

ELLINGTON, Presiding Judge.

Manira Islam filed suit against Wells Fargo Bank, N.A., and Bank of America Corporation (collectively, "the banks"), asserting a claim for fraud.[1] She appeals from an order of the trial court that purports to grant the banks' joint motion to dismiss her complaint for failure to state a claim. Islam contends that the court erred by considering matters outside the pleadings without following the procedures required to convert the motion to dismiss into a motion for summary judgment. She also contends that the trial court erred in concluding that her complaint failed to state a

---

[1] In her complaint, Islam also asserted claims against other named defendants, but those defendants are not parties to this appeal.

fraud claim against the banks. For the reasons explained below, we reverse the order of the trial court and remand the case for proceedings consistent with this opinion.

> A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525 (1) (668 SE2d 723) (2008). Such pleadings "include any exhibits attached to and incorporated into the complaint and the answer." (Citation omitted.) *Babalola v. HSBC Bank, USA*, 324 Ga. App. 750 (751 SE2d 545) (2013). As an appellate court, "[w]e review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted[.]" (Citation and punctuation omitted.) Id.

In this case, Islam's complaint contains the following allegations. Bank of America owned Lot 14 in the Eskimo Heights subdivision in DeKalb County; the address of the property was "636 Warren Avenue, Scottdale." Branch Banking and

2

Trust Company ("BB&T") owned an adjacent lot in the subdivision, Lot 15; the address of that lot was "632 Warren Avenue, Scottdale." The lots were approximately the same size, and a two-story, single-family home had been constructed on each of the lots. The home on Lot 14, however, had been substantially destroyed and rendered uninhabitable by a fire on September 26, 2007. After the fire, Lot 14 had an assessed value of approximately $10,000.

In January 2008, Bank of America placed Lot 14 up for sale, and Wells Fargo Bank acted as its attorney in fact in the sale. Wells Fargo employed a real estate broker and a real estate agent to act as its agents in the sale of the property. On behalf of Wells Fargo, the broker and agent prepared, or caused to be prepared, a listing document advertising the sale of the property. The listing document identified the property as "Lot 14" in the Eskimo Heights subdivision in Scottdale and stated that the address of the property was "636 Warren Avenue." However, although the home on the property had been destroyed by a fire over three months before, the listing document included a photograph of an intact, two-story home, described the property as a new home that needed to be finished on the inside, and gave a selling price of $54,000.

Wells Fargo's real estate agent arranged for Islam to view and inspect the property that the listing document identified as "636 Warren Avenue." The address on the mailbox of that property identified the property as "636 Warren Avenue," and the same number was affixed to the house. After Islam inspected the property that had been identified to her as "636 Warren Avenue," Islam made an offer to purchase the property from Bank of America. The purchase agreement signed by Islam set forth the property's address as "636 Warren Avenue[,] Scottdale, GA 30079," and contained no further description of the property. Agents or employees of Wells Fargo conducted the closing of the sale at Wells Fargo's office in DeKalb County on December 8, 2008. At the closing, Wells Fargo's real estate agent gave Islam keys to the house on the property that the banks and their agents had consistently identified as "636 Warren Avenue" in Scottdale. Islam then contracted for improvements to that house and, when she had completed the improvements, she placed the house up for sale. On or about September 1, 2009, Islam entered into a contract to sell the house for $116,000.

About two weeks later, however, a representative of BB&T notified Islam that it owned the property that had been identified to her as "636 Warren Avenue" – the property that she had inspected, received the keys for, and substantially improved.

4

Unbeknownst to Islam, the address of that property was *actually* "632 Warren Avenue" on Lot 15 of the Eskimo Heights subdivision in Scottdale. Lot 15 was next door to Lot 14 of the subdivision, which had the *real* address of "636 Warren Avenue" and had been placed for sale by Bank of America after the house thereon had been destroyed by fire in September 2007.[2] Consequently, Islam not only purchased "636 Warren Avenue" from Bank of America at a price significantly greater than the $10,000 assessed value of that property, she also lost the value of her improvements to the adjacent house at "632 Warren Avenue," as well as her lost profit from the pending sale of that house.

In November 2012, Islam filed suit against the banks, BB&T, the real estate broker, and the real estate agent. As to the banks, Islam alleged that they made false representations to her of material facts. Specifically, she alleged that the banks and their agents had consistently misrepresented to her that Bank of America owned and was offering for sale the property with the intact house (which they had misidentified as "Lot 14, 636 Warren Avenue"), instead of the uninhabitable adjacent property with an assessed value of approximately $10,000. She also alleged that the banks'

---

[2] Notably, Lot 14 of the subdivision had a mailbox displaying the address as "640 Warren Avenue," and the report filed by the DeKalb County Fire Department regarding the fire on Lot 14 listed the address of Lot 14 as "640 Warren Avenue."

5

misrepresentations were made knowingly or with reckless disregard for the truth, that she reasonably relied on them, and that the misrepresentations induced her to purchase a property that lacked the improvements they represented it to have (a nearly-finished two-story home) and to take possession of and improve a property other than the one conveyed to her. Islam attached three documents to her verified complaint: (1) a listing for the sale of real property identified as Lot 14 of the Eskimo Heights subdivision, 636 Warren Avenue, Scottdale; the listing included a photo of an intact, two-story house, gave a sale price of $54,000, and stated, inter alia, that it was a "new home, needs to be finished on the inside"; (2) a listing for the sale of real property identified as Lot 15 of the Eskimo Heights subdivision, 632 Warren Avenue, Scottdale; the listing included a photo of an intact, two-story, newly constructed house and gave a list price of $49,900; and (3) a May 2009 survey for Lot 15 of the Eskimo Heights subdivision, Scottdale, which noted that the "address on house is listed as #636 [Warren Avenue, but] address . . . per tax assessor's [office] is #632 [Warren Avenue].

The banks filed a joint answer; they did not attach any documents to the answer. They subsequently filed a joint motion to dismiss Islam's complaint for failure to state a claim. The banks attached an assortment of documents as exhibits

to their motion, and the banks expressly relied on those exhibits in arguing that the documents disproved or contradicted the allegations in Islam's complaint and, therefore, that the court should dismiss the complaint for failure to state a claim.

On March 28, 2013, the trial court issued a notice of a hearing on the banks' motion to dismiss, to be conducted on April 23, 2013. During the hearing, the parties presented oral argument on the motion to dismiss; they did not present any evidence. Following the hearing, the court issued an order dismissing Islam's fraud claim against the banks, finding that she had failed to prove that either of the banks made any misrepresentations to her or that they had an intent to deceive her during the sales transaction. The court's order supported that finding by quoting a statement that was not part of the parties' pleadings and by relying on assertions made by the parties during oral argument. According to the order, "[d]uring oral argument, it was made clear to this Court that neither [Islam nor the banks] were aware of the mistake [in the actual identities of the two properties] that was made at the time of the sales transaction[,] and [Islam] presents nothing to the contrary."

1. Islam contends that the court erred by considering matters outside the pleadings and, as a result, converting the motion to dismiss into a motion for

summary judgment without providing her with the requisite notice and a reasonable opportunity to present evidence in opposition to summary judgment. We agree.

Although a trial court has the option to consider evidence attached to a motion to dismiss and brief in support thereof, when it does so it converts the motion to dismiss into a motion for summary judgment, governed by OCGA § 9-11-56.[3] In accordance with this procedure, the trial court has the burden of informing a plaintiff that it will be considering exhibits attached to the defendant's motion to dismiss and that the plaintiff would have no less than 30 days within which to submit

---

[3] See OCGA § 9-11-56 (c) (A motion for summary judgment "shall be served at least 30 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]"); (e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. All affidavits shall be filed with the court and copies thereof shall be served on the opposing parties. When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.").

8

his [or her] own evidence in response to the motion for summary judgment.[4]

(Citations and punctuation omitted.) *Babalola v. HSBC Bank, USA*, 324 Ga. App. at 751, n. 4.[5]

In this case, in ruling on the motion to dismiss, the trial court was required to view the allegations and documents in the pleadings in Islam's favor and then limit its determination to whether there was any possibility that she would be able to produce sufficient evidence at trial to prove that she was entitled to relief. See *Stendahl v. Cobb County*, 284 Ga. at 525 (1). Instead, the court's order shows that it improperly considered documents outside the pleadings and arguments that attacked the credibility of Islam's allegations and disputed the factual basis for such

---

[4] See also OCGA § 9-11-12 (c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56.").

[5] Although a nonmovant may waive, through acquiescence, any error arising from the trial court's failure to provide such notice before considering evidence outside the pleadings, see *Gaddis v. Chatsworth Health Care Ctr.*, 282 Ga. App. 615, 617 (1) (639 SE2d 399) (2006), the record in this case affirmatively shows that Islam objected to the court's consideration of evidence outside the pleadings when deciding whether to grant the motion to dismiss.

allegations. In so doing, the trial court converted the motion to dismiss into a motion for summary judgment without complying with the procedural requirements for considering a summary judgment motion. *Babalola v. HSBC Bank, USA*, 324 Ga. App. at 751, n. 4.

Consequently, in reviewing de novo the court's order dismissing Islam's fraud claim against the banks, this Court will consider only the pleadings and the documents attached thereto, while viewing them in the light most favorable to Islam, as required. See *Stendahl v. Cobb County*, 284 Ga. at 525 (1); *Babalola v. HSBC Bank, USA*, 324 Ga. App. at 751, n. 4.

2. As shown above, the trial court dismissed Islam's fraud claim after finding that she had failed to prove that either of the banks had made any misrepresentations to her, that they knew that there was a mistake in the identification of the properties before she purchased the property, or that they had an intent to deceive her during the sales transaction. The court erred in so ruling.

(a) Under current Georgia law,

it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. Rather, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and

reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to dismiss for failure to state a claim should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of *provable* facts asserted in support thereof. Put another way, *if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.*

(Citations and punctuation omitted; emphasis supplied.) *Babalola v. HSBC Bank, USA*, 324 Ga. App. at 752 (2).

In the instant case, Islam's complaint contained, inter alia, the following specific allegations of fraudulent conduct by the banks: The banks "made false representations to [Islam] as to the correct identity of the property being offered for sale by [them]." These statements "were false representations of material facts." The banks "never informed [Islam] that the property they offered for sale at 636 Warren Avenue was in fact a lot with a burned down house with an assessed value of approximately $10,000.00." The banks' false representations "as to the identity of the property they were offering for sale were either known by [them] to be false or were made with such reckless disregard for the truth that [they] may be held to have had knowledge that the statements were false." The banks' false representations "caused

11

[Islam] to base her actions in purchasing the property on a mistake as to the true identity of the property that she contracted for, purchased and renovated." Due to the banks' misrepresentations, Islam "made substantial improvements to the exterior and interior of the residence on Lot 15 of the Eskimo Heights subdivision on Warren Avenue in Scottdale, GA [which she later learned was] owned by BB&T." Finally, Islam asserted that she had reasonably relied on the banks' misrepresentations and, as a result, had suffered monetary damages for which she was seeking compensation.

Given these allegations, we conclude that the trial court erred in ruling that Islam's complaint failed to set forth sufficient allegations to support a fraud claim against the banks.[6] *Babalola v. HSBC Bank, USA*, 324 Ga. App. at 752 (2).

---

[6] We note that, even if Islam's complaint had failed to comply with OCGA § 9-11-9 (b), which provides that fraud claims must be pled with particularity, dismissal of the complaint was not required in this case.

> Where a plaintiff . . . fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, . . . the proper remedy is a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to conform to the statutory requirements.

(Citations and punctuation omitted.) *Babalola v. HSBC Bank, USA*, 324 Ga. App. at

12

Consequently, we reverse the trial court's order dismissing Islam's complaint with prejudice, and remand this case for proceedings consistent with this opinion. Id.

(b) Finally, to the extent the trial court dismissed Islam's fraud claim on the basis that she had failed to *prove* her allegations at this point in the proceedings, such ruling also constitutes reversible error. As explained above, unless the allegations of the complaint show with certainty that the plaintiff will never be able to present evidence to prove that he or she is entitled to relief, a motion to dismiss for failure to state a claim should not be granted. *Babalola v. HSBC Bank, USA*, 324 Ga. App. at 752 (2).

---

755 (2) (c). See OCGA § 9-11-12 (e) ("If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a proper responsive pleading, he shall nevertheless answer or respond to the best of his ability, and he may move for a more definite statement. The motion shall point out the defects complained of and the details desired.").

It follows that, if the banks believed that Islam's complaint failed to comply with OCGA § 9-11-9 (b), they could have moved for a more definite statement. The trial court could then "order [Islam] to make a more definite statement of [her] fraud claim, identifying the ways in which the complaint fails to conform to the pleading requirements of the Civil Practice Act, and warning [Islam] about the potential consequences of a failure to replead in a way that conforms to these requirements." (Citation and punctuation omitted.) *Babalola v. HSBC Bank, USA*, 324 Ga. App. at 755 (2) (c). The banks, however, failed to seek a more definite statement of Islam's fraud claim.

13

3. Given our rulings in Divisions 1 and 2, supra, Islam's remaining enumerated error is moot.

*Judgment reversed and case remanded. Phipps, C. J., and Branch, J., concur.*