# Court of Appeals
# of the State of Georgia

ATLANTA,  July 02, 2025

*The Court of Appeals hereby passes the following order:*

### A25A2099. DONALD R. MADDEN v. NEW ZION BAPTIST CHURCH OF ATLANTA, INCORPORATED et al.

New Zion Baptist Church of Atlanta, Incorporated and Robert Paul Hollman (collectively, "New Zion") sued Donald R. Madden for statutory partition of commonly owned property and sought, among other things claims for compensatory damages, general damages, and attorney fees. New Zion filed an amended motion to strike Madden's answer based on his failure to timely file a verified answer.[1] New Zion also sought to strike Madden's counterclaim, arguing that it was barred by a prior settlement, which was attached to the complaint. The trial court granted the motion, finding that the property was subject to partition, striking Madden's counterclaim, awarding New Zion $25,000 in compensatory damages, and setting a bench trial on New Zion's claims for general damages and OCGA § 13-6-11 attorney fees. Madden filed a notice of appeal from this order. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "In

---

[1] New Zion previously filed a motion to strike/motion to dismiss, and it attached evidence in support of its motion. The trial court considered the evidence, thereby converting the motion to one for summary judgment. See *Islam v. Wells Fargo Bank, N.A.*, 327 Ga. App. 197, 200-201 (1) (757 SE2d 663) (2014). The trial court granted the motion, and Madden appealed. Because the trial court failed to give Madden notice that it was considering matters outside the pleading, we vacated the trial court's ruling. See *Madden v. New Zion Baptist Church of Atlanta, Inc.*, 373 Ga. App. 307 (908 SE2d 279) (2024).

a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Pretermitting whether the trial court's directives in relation to New Zion's claim for statutory partition mean the case remains pending below, the trial court's order setting a bench trial on New Zion's claims for general damages and OCGA § 13-6-11 attorney fees certainly does. *Sotter v. Stephens*, 291 Ga. 79, 83-84 (727 SE2d 484) (2012) ("[I]f the judgment reserves the issue of attorney fees under OCGA § 13-6-11, then one cannot claim that the case is no longer pending in the court below as required by OCGA § 5-6-34 (a) (1).") (punctuation omitted).

Because the case remains pending below and the trial court did not enter judgment in accordance with OCGA § 9-11-54 (b), Madden was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — in order to appeal.[2] See OCGA § 5-6-34 (b); *Boyd v.*

---

[2] Madden suggests in his notice of appeal that the trial court's order constituted the grant of summary judgment. Unlike in the prior appeal, however, New Zion did not attach exhibits to its motion to dismiss; thus, it does not appear that the motion was converted to one for summary judgment. See, e. g., *Brown v. Gadson*, 288 Ga. App. 323, 326 (3) (654 SE2d 179) (2007).

*State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___07/02/2025_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*