**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 15, 2025**

# In the Court of Appeals of Georgia

A25A0980. PIRS CAPITAL, LLC v. VIVACE DESIGN BUILD, INC. et al.

MCFADDEN, Presiding Judge.

This appeal is from a trial court order sua sponte dismissing a complaint for failure to state a claim. Because it does not appear that no claim has been stated as a matter of law, we reverse.

1. *Background*

"[A] trial court has the authority to sua sponte dismiss a claim . . . if it can determine from the pleadings that no claim has been stated as a matter of law[,]" *Spann v. Davis*, 312 Ga. 843, 846 (1) (866 SE2d 371) (2021), and we review such an order de novo. *Roberts v. DuPont Pine Prod.*, 352 Ga. App. 659, 662 (2) (835 SE2d 661) (2019).

A complaint must only "give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details." *Dillingham v. Doctors Clinic*, 236 Ga. 302, 303 (223 SE2d 625) (1976). The court must construe "any doubts regarding the complaint . . . in favor of the plaintiff." *Norman v. Xytex Corp.*, 310 Ga. 127, 131 (2) (848 SE2d 835) (2020).

Viewed with these principles in mind, the record shows the following. Pirs Capital filed this complaint against Victoria Ashmore and two of her businesses, FarmChic Design, LLC and Vivace Design Build, Inc., alleging that the defendants had taken certain actions in an attempt to avoid paying a judgment Ashmore and FarmChic Design owed to Pirs Capital.

Specifically, Pirs Capital alleged that in early 2021, it had entered a financing agreement with Ashmore under which it paid out $100,000 to FarmChic Design. In turn, FarmChic Design promised to repay Pirs Capital $131,000 from its future receivables.

FarmChic Design quickly defaulted on the agreement. Pirs Capital filed a lawsuit against FarmChic Design and Ashmore for breach of the agreement and obtained a judgment for $82,891.

In the meantime, five months after entering the agreement with Pirs Capital, Ashmore created defendant Vivace Design in order to avoid her and FarmChic Design's liabilities. Vivace Design provided the same building, remodeling, and design services as had FarmChic Design, and Ashmore directed that payment for those services be made to Vivace Design instead of FarmChic Design.

Pirs Capital filed the instant lawsuit alleging that Vivace Design is FarmChic Design's successor and a mere continuation of FarmChic Design, and that Ashmore's use of Vivace Design instead of FarmChic Design to conduct her business, including receiving payment for her services, has prevented Pirs Capital from recovering its judgment.

Pirs Capital sought to impose liability under the Uniform Voidable Transactions Act, OCGA § 18-2-70 et seq., and under a theory of successor or continuation liability based on the assertions that Ashmore fraudulently created Vivace Design, a mere

continuation of FarmChic Design, to avoid her and FarmChic Design's liabilities. It also sought punitive damages and attorney fees.

None of the defendants answered the complaint. Pirs Capital moved for entry of a default judgment against Vivace Design. The trial court denied the motion and instead, sua sponte, dismissed Pirs Capital's complaint on the ground that Pirs Capital had failed to state a claim. The court addressed only Pirs Capital's claim under the Uniform Voidable Transactions Act. She held that Ashmore's services could not be considered to be an "asset" or "property" — defined terms in the Act — so Pirs Capital failed to state a claim under the Act. Pirs Capital filed this appeal.

2. *Successor liability theory*

The trial court dismissed the entire complaint, but did not address Pirs Capital's claim under a theory of successor or continuation liability. Pirs Capital argues that it sufficiently alleged this claim. We agree.

Piers Capital alleged that Vivace Design is liable for the judgment against Ashmore and FarmChic Design because Ashmore fraudulently created Vivace Design in an attempt to avoid her and FarmChic Design's debts. "The underlying legal theory is one of successor liability: that the transfer of assets from [FarmChic Design]

4

to [Vivace Design] and the circumstances surrounding that transfer made [Vivace Design] a successor to [FarmChic Design] that is liable for its debts." *Pop 3 Ravinia v. Embark Holdco Mgmt.*, 364 Ga. App. 414, 418 (875 SE2d 401) (2022) (punctuation omitted). A business may become a successor liable for another business's debts if the new business is "a mere continuation of the predecessor [business]." Id. (citation and punctuation omitted). "The common law continuation doctrine is essentially what it sounds like: the new corporation assumes the liabilities of the old corporation when the new corporation, with the same or similar owners, continues the old corporation's business." Id. at 418 (1)

Pirs Capital's complaint adequately put the defendants on notice of its claim based on a theory of successor or continuation liability, "and the trial court erred to the extent that it found that the complaint failed to state such a claim." *Roberts*, 352 Ga. App. at 663 (2).

3. *Uniform Voidable Transactions Act*

Pirs Capital argues that the trial court erred in dismissing its claim under the Uniform Voidable Transactions Act because, construed in the light most favorable to

it, Pirs Capital alleged that Ashmore fraudulently transferred money owed, an asset, to Vivace Design. We agree that the trial court erred.

Under the Act, a transfer of an asset made by a debtor is voidable as to a creditor if, among other things, the debtor made the transfer to hinder, delay, or defraud any creditor or without receiving value for the transfer. See OCGA §§ 18-2-74 and 18-2-75. The Act defines "asset" as property of a debtor, OCGA § 18-2-71 (2), and defines "property" as anything that may be the subject of ownership. OCGA § 18-2-71 (12). We have defined accounts receivable as assets in other contexts. See, e.g., *Stein v. Cherokee Ins. Co.*, 169 Ga. App. 1, 3 (5) (311 SE2d 220) (1983) (discussing sale of "certain intangible assets, including accounts receivable"). See also *United Wholesale Mtg. v. America's Moneyline*, No. 22-10228, 2025 U.S. Dist. LEXIS 27495 (E.D. Mich. Feb. 14, 2025) (holding that accounts receivable were an asset for purposes of alleging a claim under the Uniform Voidable Transactions Act).

Moreover, when a complaint fails to plead allegations of fraud with particularity, "the proper remedy to address such deficiencies in pleading is a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to conform to

the statutory requirements." *McLeod v. Costco Wholesale Corp.*, 369 Ga. App. 717, 720 (1) (894 SE2d 442) (2023) (citation and punctuation omitted). See *Z-Space v. Dantanna's CNN Ctr.*, 349 Ga. App. 248, 255 (2) (c) (825 SE2d 628) (2019) (applying this principle to allegations under the Act).

The pleadings do not show "that no claim has been stated as a matter of law[,]" *Spann*, 312 Ga. at 846 (1), so we reverse the trial court's dismissal of Pirs Capital's complaint.

*Judgment reversed. Hodges and Pipkin, JJ., concur.*