**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 30, 2026**

# In the Court of Appeals of Georgia

A26A0734. ROAN et al. v. JONES et al.

DILLARD, Presiding Judge.

Kristen Roan, Jana Haney, Kevin Carpenter, Maureen Jardin, and the Cobb County School District[1] appeal the trial court's denial of their motion to dismiss Taliesha Jones's negligence action against them. In bringing her suit, Jones alleged appellants violated their duty to exercise ordinary care for the health of a student—her minor son, L. M. S.[2] Now, appellants argue the trial court erred by (1) treating their

---

[1] For the sake of clarity, we will refer to Kristen Roan, Jana Haney, Kevin Carpenter, Maureen Jardin, and the Cobb County School District collectively as the "appellants." We will refer to the Cobb County School District as the "District."

[2] Jones filed this action as the mother and next friend of L. M. S. According to Jones's complaint, at all relevant times, the individual appellants were employed by the District and worked at L. M. S.'s school. Roan was L. M. S.'s teacher, Haney was a "[t]eacher/paraprofessional," Jardin was the school nurse, and Carpenter was the

motion to dismiss the complaint as one for summary judgment; (2) not dismissing Jones's claims against the District on the basis of sovereign immunity; and (3) not dismissing Jones's claims against the individual appellants on the basis of official immunity. For the following reasons, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

Viewed in the light most favorable to Jones,[3] the record shows that on December 13, 2022, six-year-old L. M. S. was attending Cheatham Hill Elementary School when Roan (his teacher) gave him a cup of hot chocolate. Tragically, the drink spilled on his legs, resulting in second-degree burns, blistering, and visible open wounds. According to Jones, Roan and Haney (another teacher at the school) blamed L. M. S. for his injuries and the school failed to call 911 to request emergency medical aid. In fact, despite the severity of L. M. S.'s injuries, Roan and Haney even delayed reporting the incident to Jardin, the school nurse, and Carpenter, the principal. Eventually, Jardin

school's principal.

[3] See *Roberson v. Northrup*, 302 Ga. App. 405, 405 (691 SE2d 547) (2010) (explaining that, in ruling on a motion to dismiss, the trial court must "accept as true all well-[pleaded] material allegations in the complaint and must resolve any doubts in favor of the plaintiff" (punctuation omitted)).

notified Jones of the incident; but in doing so, she minimized the extent of L. M. S.'s injuries and how much he was suffering.

When Jones arrived at the school, she realized L. M. S. was "severely injured," and she took him immediately to the emergency room at Wellstar Cobb Hospital, where he was referred to the burn-wound unit. Over the next few weeks, L. M. S.'s legs "peeled, swelled, and the wound dressing had to be regularly replaced, which ... resulted in [him] screaming and crying almost every time." L. M. S. also suffered from "mental trauma" because of his burns and he had to seek treatment from a professional therapist.

Later on, Jones filed a negligence complaint against appellants, alleging, among other things, that the individual appellants' negligence caused a delay in L. M. S. receiving medical care, which exacerbated the extent of his injuries. She also alleged the District—through its employees and policies—failed to provide ordinary care to protect L. M. S. In response, appellants filed an answer, as well as a motion to dismiss the complaint, contending that, under OCGA § 9-11-12(b)(1), the trial court lacked subject-matter jurisdiction over the case based on sovereign and official immunity. And in support of their motion, appellants attached affidavits executed by Roan, Haney, Jardin, and Carpenter as exhibits.

Following Jones's response to the motion, the trial court issued an order finding appellants' motion to dismiss was converted into one for summary judgment because the supporting affidavits were attached to their motion to dismiss, rather than their answer to the complaint. And as to appellants' sovereign and official-immunity arguments, the trial court found that it was "too early to wade into what happened and when." So, the court delayed a ruling on the "immunity issue" until after discovery because, in its view, "the determination of subject[-]matter jurisdiction and waiver of sovereign immunity are ... factually intertwined with determination of the merits of the case." This appeal follows our grant of appellants' application for a discretionary appeal.

We review the trial court's ruling on a motion to dismiss *de novo*, accepting as true "all well-pleaded material allegations in the complaint and resolving any doubts in favor of the plaintiff."[4] Even so, we are not obligated to "adopt a party's legal conclusions based on these facts."[5] Of course, a motion brought under OCGA §

---

[4] *Parnell v. Sherman & Hemstreet, Inc.*, 364 Ga. App. 205, 213–14(3)(b) (874 SE2d 394) (2022) (brackets and quotation marks omitted).

[5] Id. at 214(3)(b) (quotation marks omitted).

9-11-12(b)(1) "asserts the defense of lack of jurisdiction over the subject matter."[6] And a motion to dismiss asserting sovereign immunity is "based on the trial court's lack of subject-matter jurisdiction, rather than the merits of the plaintiff's claim."[7] In other words, sovereign immunity is "not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject[-]matter jurisdiction to try the case."[8] Lastly, when reviewing a trial court's ruling on a motion to dismiss on this basis, we do so *de novo* "while sustaining factual findings if they are supported by any evidence."[9] With this standard of review and these guiding principles in mind, we turn now to appellants' specific claims of error.

---

[6] *Stillwell v. Topa Ins. Co.*, 363 Ga. App. 126, 127 (871 SE2d 8) (2022) (punctuation omitted).

[7] *Blue 42 Organics, LLC v. Dep't of Pub. Safety*, 376 Ga. App. 135, 135 (917 SE2d 399) (2025) (punctuation omitted). Accord *Alred v. Ga. Public Defender Council*, 362 Ga. App. 465, 465–66 (869 SE2d 99) (2022).

[8] *Blue 42 Organics*, 376 Ga. App. at 135 (quotation marks omitted). Accord *Alred*, 362 Ga. App. at 466.

[9] *Alred*, 362 Ga. App. at 466. See *Ga. Dep't of Lab. v. RTT Assocs., Inc.*, 299 Ga. 78, 81(1) (786 SE2d 840) (2016) ("Whether sovereign immunity has been waived under the undisputed facts of this case is a question of law, and this Court's review is de novo.").

1. The appellants first argue the trial court erred in converting their OCGA § 9-11-12(b)(1) motion to dismiss into one for summary judgment. We agree.

A challenge to subject-matter jurisdiction is a "matter in abatement, and the Civil Practice Act permits a defendant to move to dismiss a complaint on that ground."[10] And in considering a motion for lack of subject-matter jurisdiction based on sovereign immunity under OCGA § 9-11-12(b)(1), a trial court is "not confined to the allegations of the complaint, as [it] would be if considering a motion to dismiss for failure to state a claim under OCGA § 9-11-1(b)(6)."[11] Indeed, if on a motion to dismiss for failure to state a claim, the trial court elects to "consider matters outside of the

---

[10] *James v. Ga. Dep't of Pub. Safety*, 337 Ga. App. 864, 867(2) (789 SE2d 236) (2016) (citation omitted). See *Farmer v. Dep't of Corr.*, 346 Ga. App. 387, 395(2) (816 SE2d 376) (2018) (noting that the "lack of subject-matter jurisdiction ... is a matter in abatement, not a motion designed to test the merits of the claim" (punctuation omitted)).

[11] *James*, 337 Ga. App. at 867(2). See *McCloud v. Lowndes County Bd. of Commissioners*, 369 Ga. App. 756, 759(1) (894 SE2d 505) (2023) ("[A] defendant asserting an immunity defense may move to dismiss for lack of subject[-]matter jurisdiction under OCGA § 9-11-12(b)(1), on consideration of which, the trial court *may hear evidence and make relevant factual findings* to decide the threshold issue.").

pleadings, the motion shall be treated as one for summary judgment."[12] But on the other hand,

> [i]n considering a motion to dismiss for lack of subject[-]matter jurisdiction on sovereign immunity grounds under OCGA § 9-11-12(b)(1), a trial court is *not* confined to the allegations of the complaint but is authorized to hear the matter on *affidavits* presented by the respective parties, or to direct that the matter be heard wholly or partly on oral testimony or depositions.[13]

So, because appellants sought dismissal of Jones's complaint based on a lack of subject-matter jurisdiction under OCGA § 9-11-12(b)(1), rather than for failure to state a claim, the trial court erred in treating their motion to dismiss as one for summary judgment merely because they attached affidavits to the motion. Under these circumstances, we must reverse the trial court's order in this regard and remand the

---

[12] *Cox Enters., Inc. v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000). See *Islam v. Wells Fargo Bank, N.A.*, 327 Ga. App. 197, 199–201(1) (757 SE2d 663) (2014) ("Although a trial court has the option to consider evidence attached to a motion to dismiss [for failure to state a claim] and brief in support thereof, when it does so it converts the motion to dismiss into a motion for summary judgment, governed by OCGA § 9-11-56." (punctuation omitted)).

[13] *State v. Fed. Def. Program, Inc.*, 315 Ga. 319, 327(3) (882 SE2d 257) (2022) (punctuation omitted) (emphasis added). Accord *Dep't of Pub. Safety v. Justice*, 320 Ga. 149, 153(2) (907 SE2d 817) (2024).

case for it to properly consider appellants' motion as one to dismiss the complaint for lack of subject-matter jurisdiction.

2. The appellants also argue the trial court erred by not dismissing Jones's claims against the District based on sovereign immunity and against the individual appellants based on official immunity. But because we are remanding this case for the court to consider their immunity arguments in the first instance, it is premature for us to rule on those issues now.[14]

For these reasons, we reverse the trial court's denial of appellants' motion to dismiss and remand the case for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Gobeil and Pipkin, JJ., concur.*

---

[14] Although not directly at issue in this appeal, the trial court delayed ruling on appellants' immunity arguments until *after discovery* because, in its view, "the determination of subject[-]matter jurisdiction and waiver of sovereign immunity are … factually intertwined with determination of the *merits* of the case." (emphasis added). In this respect, we reiterate that a challenge to subject-matter jurisdiction is a matter in abatement, and "[s]ummary judgment … does not apply to matters in abatement." *Davis v. City of Forsyth*, 275 Ga. App. 747, 751(4) (621 SE2d 495) (2005). See supra note 10 & accompanying text. Indeed, as explained by our Supreme Court, "[s]ubject[-]matter jurisdiction refers to the authority of a court to hear a specific claim, and when a court lacks subject[-]matter jurisdiction to decide a question, it has no power to enter a judgment on the merits." *Spann v. Davis*, 312 Ga. 843, 850(2) n.9 (866 SE2d 371) (2021) (quotation marks omitted).